In The Court of Criminal Appeals of Texas

51,286-02

JAN 6, 2015

Re: WRIT NO. W98-02347
To: Hon. Clerk Mr. Acosta

RECEIVED IN
COURT OF CRIMINAL APPEALS

JAN 12 2015

Abel Acosta, Clerk

Enclosed please find a copy of my objections to the State's Response and the habeas trial court's recommendations. I attempted to file this document in the habeas trial court; but my writ was filed Dec 9th and concluded Dec 31 2015 - without giving me a chance to respond. I believe that i did not recieve a full and fair review from the State and the habeas trial court due to impartiality. The State's second in charge (under Craig Watkins) is Mr. Kevin Brooks - who represented my co-defendant [Earl] as counsel in our joint trial. The Hon. habeas trial judge Jennifer Balido represented my co-defendant [Cheatham] in trial. A full and fair review of my newly available evidence and claims will show that both Mr Brooks and Mrs. Balido are directly connected to my original case and the claims of error underlying my writ in the above stated cause. Therefore, conflict exist because if the court finds merit in my claims it would also mean both Mr. Brooks and Judge Balido were ineffective in my codefendants causes.

I ask that this court keep this information in mind when it review the recommendations of Judge Balido. I also ask that this court review my writ as if original submitted in this court. Please give me a full and fair review of my actual innocence claims under T.C.C.P. Art 11.07 §4 (a)(1) and (a)(2). Thank you.

(Pro Se)

David Harold Else, Jr

Writ No. W98-02347- U (B)

| | | |
|---|---|---|
| Ex Parte | § | IN THE 291st Judicial |
| | § | DISTRICT COURT |
| DAVID HAROLD ELSE, JR. | § | Dallas, County, Texas |

## ELSE'S OBJECTIONS TO STATE'S PROPOSED FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER

Comes Now Else, Applicant, and makes the following objections:

1.) The State and Habeas Judge ignored Else's Newly Available/discovered extra-Record evidence (see Ex Parte Else Index of Exhibits A, F, H-J, L, O, Q and R) which Else Relied on to support his claim of Actual innocence and miscarriage of justice under T.C.C.P. Art. 11.07 § 4 (a)(2). Ex parte, Brooks, 219 S.W.3d 396 (Tex. Crim. App. 2007) (citing Schlup v. Delo, 513 U.S. 298 (1995)).

2.) In it's Response, the State only Addressed § 4 (a)(1), however, Else Argued that, under T.C.C.P. Art 11.07 § 4 (a)(2), based on his newly Available extra-record evidenc, the State violated Else's 6th and 14th Amendment U.S. Constitutional Rights by committing the errors specified in each

1.

ground and by a perponderence of the evidence but for those said violations no rational juror could convict Else (i.e., Else is actually innocent). Ex parte Sledge, 391 S.W.3d 104 (Tex Crim App 2013).

3.) The State and Habeas Judge ignored Else's claim of 'U.S. Const Notice Violation' based on newly available law handed down by the Texas Court of Criminal Appeals— in Ground 3 of Else above entitled writ, under § 4 (a)(1), which also establishes that Else is Actually innocent.

4.) Else contends that he did not recieve full and fair consideration and/or adjudication of his claims. Else is also concerned that a full and complete copy of the entire subsequent writ, submitted by Else, was not submitted/filed into record for consideration (i.e., Else's Application, Memorandum of Law and Argument, and Index of Exhibits). Therefore, Else argues that the state habeas trial court's conclusion/ adjudicated resulted in an unreasonable determination of the facts of the record presented; and an unreasonable application of clearly established state and federal law. 28 USCA USUS § 2254 (d)(2) and (d)(1).

2.

5.) Last, Else's trial prosecutors Gregg Long and Jeff Rossborough, and Kevin Brooks (Co-counsel in Else's trial), are All ranking members of the Dallas County District Attorney's Office that responded to Else's writ. Hon. Jennifer Balido (Else's co-defendant Kerry Cheatham's trial Attorney) is the presiding habeas trial judge in Else's writ cause. Due to the above stated officials being directly related to the parties and claims within Else's writ, Else argues that it is/was not possible for Else to recieve an impartially fair and full adjudication of his writ in the 291st Judicial District Court.

## Conclusion

Else ask the court to find that Else did meet the exception requirements of T.C.C.P. Art. 11.07 § 4 (a)(2) and/or (a)(1); And that Else's above entitled writ recieve a full and fair review; And that said writ not be dismissed under § 4(a).

Respectfully submitted

*David Harold Else Jr (Pro se)*

David Harold Else, Jr. (Pro Se)
# 858684
Connally Unit
899 FM 632
Kenedy, TX. 78119

3.

# CERTIFICATE OF SERVICE

I DAVID HAROLD Else, JR, hereby certify that A true copy of the foregoing Else's Objections to State's Proposed Findings of fact, Conclusions of law and Order was served on Abel Acosta, Supreme Court Bldg., 201 W 14th St. Rm 106, Capitol Station, Austin Texas 78711 - 2308

By depositing same in the U.S. mail on JAN 6, 2015

David H. Else Jr (Pro Se)
David Harold Else, Jr. (Pro Se)
Connally Unit
899 Fm 632
Kenedy Tx. 78119

4.